UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSAC LAWRENCE SMITH,<br><br>           Plaintiff,<br><br>    v.<br><br>CAPTAIN LOPEZ, M.D., et al.,<br><br>           Defendants. | CV F- 04-5926 REC DLB P<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

A.     **Plaintiff's Allegations**

In the instant case, plaintiff brings action against the following individuals: Captain Lopez, Lieutenant Ramos, Sergeants Bennit and Guitterez, as well as Correctional Officers Kowski, Sandoval, Reimers.  Plaintiff alleges that on January 26, 2003, he was violently assaulted by another inmate, after which he was placed in administrative segregation despite his protests.  He contends he was left in administrative segregation for ten (10) months.  He alleges his time in "isolation" was excruciating and finally culminated in a physical assault on him by staff.  He alleges that Captain Lopez, Lt. Ramos, Sgt. Bennit and Sgt. Guitterez prolonged his confinement in administrative segregation by refusing to reclassify him.

B.     **Due Process Claim**

To the extent plaintiff claims his constitutional rights were violated in connection with his placement and retention in administrative segregation, his claim fails.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum.  In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake.  Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg.  Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)

(convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

The court will grant plaintiff an opportunity to amend the complaint to allege facts establishing a liberty interest in remaining free from lock-down, if he can do so.  Further, even if plaintiff had a liberty interest in remaining free from lock-down, plaintiff must allege facts to support his claim he was deprived of the procedural due process protections he was due.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  Due Process does not require that plaintiff be provided with "detailed written notice of charges . . ." or "a written decision describing the reasons for placing the prisoner in administrative segregation," and "due process does not require the disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation."  Id.

**C.   Excessive Force Claim**

Plaintiff's allegations also fail to state a claim under the Eighth Amendment for use of excessive force.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

1  standard examines de minimis uses of force, not de minimis injuries)). However, not "every
2  malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth
3  Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional
4  recognition de minimis uses of physical force, provided that the use of force is not of a sort
5  'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations
6  omitted).

7      "[W]henever prison officials stand accused of using excessive physical force in violation of
8  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was
9  applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
10  cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may
11  also be proper to evaluate the need for application of force, the relationship between that need and
12  the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts
13  made to temper the severity of a forceful response." Id. (internal quotation marks and citations
14  omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does
15  not end it." Id. Verbal harassment or abuse alone is not sufficient to state a constitutional
16  deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987),
17  and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th
18  Cir. 1987).

19      While plaintiff alleges that Officer Reimers "assaulted" him, he fails to sufficiently describe
20  these allegations. Because the Court is granting plaintiff the opportunity to file an amended
21  complaint, he may also amend this claim, keeping in mind the above standards.

22  **D. Leave to Amend**

23      In summary, the Court finds it necessary to dismiss the complaint in its entirety. The Court
24  will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint. Failure to cure
25  the deficiencies will result in dismissal of this action without leave to amend.

26      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
27  complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy,
28

625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to state a claim and failure to comply with the court's order.

IT IS SO ORDERED.

Dated:     October 3, 2006                     /s/ Dennis L. Beck
3c0hj8                                         UNITED STATES MAGISTRATE JUDGE